IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

     Plaintiff,                         No. CIV S-08-2114 DAD P

     vs.

MATTHEW CATE, et al.,

     Defendants.                <u>ORDER</u>

_____/

        Plaintiff, a former inmate of the Yolo County Sheriff's Department, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On September 30, 2008, plaintiff was directed to submit an application to proceed in forma pauperis along with a certified copy of plaintiff's trust account statement for the six-month period immediately preceding the filing of the complaint in this action. In response to the court's order, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff's in forma pauperis application does not include a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of the complaint in this action. <u>See</u> 28 U.S.C. § 1915(a)(2). Plaintiff's incomplete

/////

/////

1

application will be denied with leave to file a properly completed application to proceed in forma pauperis.

        The court also notes that plaintiff has provided a declaration with his in forma pauperis application. In his declaration, plaintiff contends that he has been unable to use the prison law library and that his money and personal property have been stolen. Plaintiff is advised that the court is proceeding only on the claims set forth in his complaint that was filed on September 9, 2008. If plaintiff seeks to pursue new claims, he may either file a new civil rights action with respect to those claims or file an amended complaint in this case. If plaintiff files an amended complaint, he must reference the case file number assigned to this action and is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Plaintiff's October 6, 2008 application to proceed in forma pauperis (Doc. No. 6) is denied without prejudice;

        2. Plaintiff shall submit, within thirty days from the date of this order a properly completed in forma pauperis application that includes a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of the complaint in this action; plaintiff is cautioned that failure to comply with this order or seek an extension of time to do so will result in a recommendation that this action be dismissed without prejudice; and

/////

/////

3. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner for use in a civil rights action and the court's form complaint for a § 1983 action.

DATED: January 7, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:ak/4
turn2114.3e